UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRICKLAYERS' PENSION TRUST FUND-
METROPOLITAN AREA, et al.,

        Plaintiffs,        CASE NUMBER: 89-60239
                               HONORABLE VICTORIA A. ROBERTS
v.

STEWARD CONSTRUCTION CO., INC.,
STEWARD CONSTRUCTION AND
DEVELOPMENT CO., and
CORNELIUS A. STEWARD,

        Defendants.
                                              /

## **ORDER DENYING DEFENDANT CORNELIUS A. STEWARD'S MOTION TO SET ASIDE THE SECOND RENEWED JUDGMENT**

On February 28, 1990, the Court awarded Plaintiffs a default judgment of $364,327.98 against Defendants Steward Construction Company, Inc., Steward Construction and Development Co., and Cornelius A. Steward, individually, jointly and severally. (Dkt. #12.) This judgment stemmed from Defendants' failure to pay fringe benefit contributions owed to employees under a collective bargaining agreement. Mr. Steward was the operator and financial decisionmaker for both companies, and is considered a fiduciary as to the unpaid contributions.

On January 18, 2000, the Court entered a Renewal Judgment against Defendants for $777,033.85, including accumulated interest (Dkt. #155). Ten years later, on December 29, 2009, the Court entered a Second Renewal Judgment for $1,236,962.31, including interest (Dkt. #158).

On February 9, 2010, Mr. Steward filed a letter, which the Court treats as a pro

se Motion to Set Aside the Second Renewed Judgment (Dkt. #161). Mr. Steward, who is 74 years old, objects to the renewed judgment against him personally, but not against the corporate defendants.

Mr. Steward does not specify the legal theory under which he proceeds. Rule 60(b) of the Federal Rules of Civil Procedure states that a court may relieve a party from a final judgment in case of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; or (4) because it is void. Fed. R. Civ. P. 60(b)(1)-(4). Mr. Steward makes no argument that places his motion under any of these categories, and the Court is not aware of any way in which they are applicable.

The remaining provisions of Rule 60(b) state that a final judgment can be set aside if its prospective application is no longer equitable, 60(b)(5), or for any other reason that justifies relief, 60(b)(6). Because Mr. Steward's motion may be construed to fall under either category, the Court considers them both.

Rule 60(b)(5) allows a court to modify or vacate a judgment if "'a significant change either in factual conditions or in law' renders continued enforcement 'detrimental to the public interest.'" *Horne v. Flores*, 129 S. Ct. 2579, 2593 (2009) (*quoting Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 384 (1992)). A court abuses its discretion if it denies despite proof of a significant change. *Id.* (citations omitted).

By contrast, Rule 60(b)(6) applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (*quoting Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)).

> "Courts . . . must apply subsection (b)(6) only as a means to achieve substantial justice when something more than one of the grounds contained in Rule 60(b)'s first five clauses is present." *Olle*, 910 F.2d at 365 (internal quotation marks omitted). "The 'something more' . . . must include unusual and extreme situations where principles of equity *mandate* relief." *Id.* "There are few cases elaborating on the 'something more' that is required. This may be explained . . . by the fact that clauses 1-5 of the Rule cover almost every conceivable ground for relief." *Pruzinsky v. Gianetti (In re Walter)*, 282 F.3d 434, 440 (6th Cir.) (internal quotation marks omitted), *cert. denied*, 537 U.S. 885, 123 S. Ct. 118, 154 L. Ed. 2d 144 (2002).

*Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468-69 (6th Cir. 2007) (emphasis in original).

Mr. Steward argues that Plaintiffs had over 20 years to enforce the judgment against him, and that an additional ten-year extension constitutes cruel and unusual punishment under the Eighth Amendment of the United States Constitution. Mr. Steward explains that having this judgment against him is a serious hardship which makes it difficult to find work, and argues: "it is time to set me free."

The reasons provided by Mr. Steward are not sufficient to set aside the Court's judgment, whether under Rule 60(b)(5) or (b)(6). Mr. Steward fails to show any significant change in circumstances that would warrant such relief, nor does he present any exceptional or extraordinary justification for his request. Furthermore, Mr. Steward does not deny Plaintiffs' assertions that: (1) he obstructed Plaintiffs' initial post-judgment collection efforts; (2) he never cooperated or voluntarily tendered payment toward any of the judgments entered against him in Plaintiffs' favor; and (3) he owes Plaintiffs $309,796.41 on another default judgment for unpaid fringe benefit contributions, *Bricklayers' Pension Trust Fund – Metro. Area, et al., v. Steward Group, Inc., Steward & Assocs., Inc., Princeton Constr., Inc., & Cornelius Steward*, No. 94-CV-71823 DT (E.D.

3

Mich. Sept. 3, 1997), *j. renewed*, (Nov. 22, 2006) (Cohn, J.). In light of Mr. Steward's persistent refusal to even begin to reimburse the judgments against him, the hardship of which he complains is neither exceptional nor extraordinary, and does not rise to the level proscribed by the Eighth Amendment.

Defendant Cornelius A. Steward's Motion to Set Aside the Second Renewed Judgment is **DENIED**.

s/Victoria A. Roberts<br>
Victoria A. Roberts<br>
United States District Judge

Dated: April 5, 2010

---

The undersigned certifies that a copy of this document was served on the attorneys of record and Cornelius Steward by electronic means or U.S. Mail on April 5, 2010.

s/Linda Vertriest
Deputy Clerk

---